UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL D. BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:15-cv-01928-SEB-TAB |
| | ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.   Introduction**

Plaintiff Daniel D. Baker appeals the Commissioner's decision denying his claim for disability insurance benefits. Baker argues that new and material evidence from the Department of Veterans Affairs warrants a remand under sentence six of 42 U.S.C. § 405(g). Baker also seeks a remand under sentence four, arguing that the Administrative Law Judge assessed a residual functional capacity that is not supported by substantial evidence, and failed to analyze the combination of Baker's impairments at step three. For the reasons below, the Magistrate Judge recommends that Baker's brief in support of appeal be granted. [Filing No. 11]

**II.   Background**

Baker is a former government contractor and Gulf War veteran who served with both the Marine Corps and the Indiana National Guard. Baker filed for disability benefits through the VA, which he was awarded in 2009. [Filing No. 8-12, at ECF p.79.] Baker also filed for disability insurance benefits through the Social Security Administration on September 11, 2014, alleging an onset date of May 11, 2014. However, that claim was denied initially and upon

reconsideration. After filing a written request for a hearing with SSA, Baker appeared and testified before an ALJ on May 5, 2015. The ALJ denied Baker's claim by written decision on June 22, 2015.

At step one, the ALJ found that Baker had not engaged in substantial gainful activity since the alleged onset date. [Filing No. 8-2, at ECF p. 17.] At step two, the ALJ found that Baker has the following severe impairments: migraine headaches; residuals of right knee surgery and patellofemoral arthritis; degenerative disc and joint disease of the lumbar spine; residuals of right hand surgery; residuals of a left foot stress fracture; tinnitus; and obesity. [*Id.* at 17-18.] The ALJ also determined that Baker has the following non-severe impairments: anxiety disorder (possibly PTSD) and an adjustment disorder. [*Id.* at 19.]

At step three, the ALJ considered Baker's impairments and determined that no single impairment or combination of impairments meets or equals a listing. [*Id.* at 20.] At step four, the ALJ found that Baker has the RFC to perform light work with the following limitations:

> "[Baker] should not climb ladders, ropes, or scaffolds; he should limit climbing of ramps and stairs to an occasional basis; he can do frequent, but not constant, balancing; he should limit his stooping, kneeling, crouching, and crawling to an occasional basis; he can perform frequent, but not constant, handling and fingering with his right, dominant hand; he can be exposed to occasional vibration; he should not have any exposure to hazards, such as heights or dangerous machinery; and he can have exposure to noise levels of 3, as defined in the Dictionary of Occupational Titles to include moderate noise."

[*Id.* at 26-27.] Based on this RFC and testimony from a vocational expert, the ALJ determined that Baker can perform his past work as a military contractor and insurance coordinator. Thus, the ALJ concluded Baker is not disabled. On October 8, 2015, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

On December 14, 2015, the VA sent Baker a letter stating that it changed the levels of disability attributed to Baker's impairments. The VA concluded that Baker is "individually

2

unemployable," effective March 30, 2015. [Filing No. 11-1, at ECF p. 2.] This appeal of the SSA determination followed.

### III. Standard of Review

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore*, 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

### IV. Discussion

#### A. New Evidence

Baker argues that the VA letter declaring him individually unemployable is new and material evidence worthy of remand. The Court may order at any time that the Commissioner consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In sum, Baker must demonstrate newness, materiality, and good cause. *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). For new evidence to be "material,"

3

there must be a "reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Id.* The requirement of "good cause" is met by demonstrating a "sufficient reason for failing to incorporate the evidence into the record during the administrative proceeding." *Sample*, 999 F.2d at 1144.

The VA letter is new evidence and Baker demonstrates good cause for not providing it to the ALJ. The VA letter is dated approximately seven months after the ALJ hearing, six months after the ALJ issued his decision, and two months after the Appeals Council denied review. [Filing No. 11-1.] Baker could not have incorporated the VA letter into any administrative proceeding because it did not exist until after the agency's decision became final. Thus, the VA letter meets the requirements for both newness and good cause.

The VA letter also meets the materiality requirement because it gives findings for Baker's impairments and relates back to the time period under review by SSA. The letter informs Baker that the VA made a finding of "Individual Unemployability," effective almost two months before the ALJ held a hearing. [Filing No. 11-1.] Baker argues that the VA letter is material because "there is a reasonable probability that the ALJ will make a different decision if allowed to see the letter." [Filing No. 15, at ECF p. 15.] The Magistrate Judge agrees.

In *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015), the court held that a VA finding of unemployability corresponds with the SSA definition of disability. The Commissioner contends that *Hall* does not apply because that court did not explain how an ALJ should evaluate a VA decision. The Commissioner also contends that *Hall* does not overturn case precedent that SSA is not bound by disability findings of other agencies. Indeed, *Hall* does not make the VA letter binding upon the ALJ's decision, but it does not have to in order to affect the ALJ's conclusion. The "SSA should give the VA's determination of disability 'some weight.'" *Allord v. Barnhart,*

455 F.3d 818, 820 (7th Cir. 2006). The *Hall* court did not need to explain how the ALJ should evaluate the VA letter because the regulations give guidance. A VA finding of unemployability generally results in a SSA finding of total disability. 38 C.F.R. § 4.16. In sum, there is a reasonable probability that the ALJ may find Baker disabled if he considers the VA letter. The VA letter relates back to a time before the first administrative proceeding and had it been available to the ALJ, it would have impacted his analysis and conclusion. Thus, the VA letter is material to Baker's claim.

The VA letter [Filing No. 11-1] meets the requirements for newness, good cause, and materiality. The VA letter is new evidence relevant to Baker's ability to work, but it was unavailable during the time of administrative review. Remand is therefore appropriate so that the ALJ can consider the VA letter in determining whether Baker is disabled.

**B. Flawed RFC**

Baker also argues that the RFC is not supported by substantial evidence because the ALJ failed to adequately account for Baker's migraines. The ALJ imposed restrictions for vibrations and noise to accommodate Baker's migraines. [Filing No. 8-2, at ECF p. 30.] However, Baker argues that additional restrictions are warranted based on information from the VA ratings decision and Baker's testimony.

*1. VA ratings decision*

Baker argues that the ALJ erroneously rejected the VA's March 2015 ratings decision that Baker's migraines are "frequent, completely prostrating, and prolonged attacks productive of severe economic inadaptability." [Filing No. 8-12, at ECF p. 84.] The ALJ assigned the VA ratings decision little weight because "their determination of disability is based on different

5

factors than the Social Security definition of disability." [Filing No. 8-2, at ECF. P. 30.] This explanation is inadequate to discredit such a serious finding by the VA.

As discussed above, the ALJ must afford the VA's disability determination some weight. Moreover, the differences between the two agencies' standards are "small." *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015). An ALJ cannot discount a VA ratings decision simply because SSA and VA use different criteria for determining disability. *See Caincross v. Colvin*, No. 1:15-cv-01637-JMS-MPB, 2016 WL 3882024, at *7 (S.D. Ind. July 15, 2016) (finding remand necessary where ALJ did not discuss VA disability ratings just because VA and SSA use different standards); *see also Cleveland v. Colvin*, No. 14 C 7579, 2016 WL 704832, at *15 (N.D. Ill. Feb. 23, 3016) (holding that an ALJ may not reject a VA finding only because the two agencies use different criteria).

While the ALJ documented the VA's findings from the ratings decision, he discussed the VA opinion without any discussion or analysis because of the different disability factors the VA uses. [Filing No. 8-2, at ECF p. 30.] Courts have termed this lack of analysis "improper." *Caincross*, 2016 WL 3882024 at *7. Merely acknowledging that Baker's disability ratings exist does not constitute an analysis. The ALJ failed to give a proper reason for giving the VA ratings decision little weight. This was error.

   2. *Testimony*

Baker further argues that the ALJ erroneously found his testimony about the intensity, persistence, and effect of his migraine pain was not credible. The ALJ explained that although Baker likely experiences some pain, he was "particularly persuaded" that Baker's allegations of disabling pain are not credible because Baker worked for many years with his impairments and quit working when his contract ended, rather than due to pain. [Filing No. 8-2, at ECF p. 29.]

Baker argues the ALJ's reasoning is erroneous because "a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015).

      The Commissioner contends that the ALJ provided a sufficient explanation for rejecting Baker's testimony, and "work history is just one factor among many, and it is not dispositive." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). The Commissioner points to the ALJ's earlier discussion about Baker's daily activities, including laundry, cooking, shopping, and mowing the grass. [Filing No. 8-2, at ECF p. 28.] But this was not a reason the ALJ gave for discrediting Baker's testimony about the severity of his pain. [*Id.* at 29.] Instead, the ALJ found Baker's allegations of disabling pain undermined by his long work history and his last job ending by contract instead of due to his impairments. This finding by the ALJ is flawed. Baker testified before the ALJ that he had a supervisor at work who was a disabled veteran who was "more than creative" in accommodating his disabilities so that Baker could work until his contract ended. [*Id.* at 64.] Before that, Baker stopped working due to his physical condition. [Filing No. 8-6, at ECF p. 18.] This testimony is crucial, yet the ALJ did not look at Baker's work history in context before concluding Baker's testimony is not credible. The ALJ should have given more weight to Baker's testimony because of his good work record, or at least discussed other factors for discrediting it. The ALJ's analysis of Baker's testimony is erroneous. The ALJ did not confront the evidence that Baker's pain affected his ability to work or sufficiently explain why he did not believe Baker's testimony.

      Accordingly, the RFC is not supported by substantial evidence because the ALJ failed to properly consider the VA ratings decision and Baker's testimony. Remand is therefore

appropriate for the ALJ to reconsider this information and adequately account for Baker's migraines and pain in the RFC.

### C. Impairments

Baker next argues that the ALJ's step three finding is flawed because the ALJ failed to analyze whether his impairments equal a listing. As the Commissioner points out, however, Baker fails to show what listing his impairments equal.

The claimant bears the burden of proving that his impairments satisfy or equal in severity to the elements of a listed impairment. *Filus v. Astrue,* 694 F.3d 863, 868 (7th Cir. 2012). The ALJ considers whether a claimant's condition meets or equals a listing and must discuss each listing by name and offer more than a perfunctory analysis. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The claimant may also satisfy a listing "by showing that his impairment is accompanied by symptoms that are equal in severity to those described in the Listing." *Id.*

Baker argues that he may equal a listing because Dr. Saddoris opined that although his individual impairments were not disabling, "it might be very difficult for him to maintain a job" when considering his impairments in combination. [Filing No. 8-7, at ECF p. 135.] However, Baker does not indicate, and Dr. Saddoris's opinion does not suggest, what listing Baker's impairments might medically equal. Dr. Saddoris's opinion points to Baker's migraines, back pain, knee instability, hand problems, and GERD. [*Id.*] But it is unclear how these conditions, when taken together, might meet the elements of any listing. The ALJ gave a thorough analysis of the individual listings and explained that the evidence does not support a finding that Baker's impairments meet or equal a listing. [Filing No. 8-2, at ECF p. 20-26.] Other than Dr. Saddoris's opinion that Baker will have difficulty working, Baker does not identify any more evidence that his impairments equal a listing. The only other opinions in the record that address

listing equivalence are by agency Drs. Eskonen and Small, who find that Baker's impairments do not meet or equal any listed impairment. [Filing No. 8-3, at ECF p. 5-9; 15-20.] As the Commissioner points out, those opinions support the ALJ's conclusion that Baker's impairments do not meet or equal a listing. *See Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) (finding the opinions of agency physicians are sufficient evidence for the ALJ to rely on to conclude whether a claimant meets or medically equals a listing, absent contrary medical opinions). Accordingly, the ALJ's conclusion that Baker's condition did not meet or equal a listing should be affirmed.

Baker also challenges the ALJ's decision to assign medium weight to Dr. Saddoris's opinion. The ALJ explained that he assigned Dr. Saddoris's opinion "medium weight" because "it simply re-states the obvious diagnoses and symptoms that the claimant has but does not provide specific and detailed residual functional capacity limitations or abilities." [Filing No. 8-2, at ECF p. 29.] Baker argues that because the ALJ believed Dr. Saddoris's opinion was incomplete, he should have asked her to furnish the missing information or prepare a revised report rather than assign her medium weight. This argument fails.

The ALJ would only have a duty to solicit additional information from Dr. Saddoris "to flesh out an opinion for which the medical support is not readily discernable." *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004). This was not the case. The ALJ evaluated the evidence and explanations supporting Dr. Saddoris' findings and did not find them unclear. The ALJ took issue with Dr. Saddoris's report because it points to Baker's impairments, but fails to draw larger conclusions about Baker's limitations. Dr. Saddoris is not Baker's treating physician and not entitled to controlling weight. The ALJ gave a sufficient analysis of Dr. Saddoris's opinion and was not required to recontact her during his evaluation. *Simila v. Astrue*, 573 F.3d

503, 516 (7th Cir. 2012). Thus, the ALJ did not err by assigning Dr. Saddoris's opinion medium weight.

**V.        Conclusion**

As discussed above, this case should be remanded to permit the ALJ to make a proper disability determination and to permit the ALJ to consider additional evidence. This conclusion that the case should be remanded pursuant to both sentence four and six raises the issue of whether a "dual remand" is appropriate under both sentences. The sentence under which this Court remands a case has different consequences on remand, on appeal, and with attorney's fees. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Seventh Circuit case law provides no clear guidance when remand could be appropriate under both sentences, and district courts have split on this issue. For example, while *Bryant v. Colvin,* 2013 WL 6800127, at *6 (N.D. Ind. Dec. 20, 2013), held that a dual remand would result in conflicting relief, *Felver v. Barnhart*, 243 F. Supp. 2d 895, 908 (N.D. Ind. 2003), granted a dual remand with instructions for the ALJ under each sentence.

*Campbell v. Shalala*, 988 F.2d 741, 744-45 (7th Cir. 1993), provides some insight. In *Campbell*, the Seventh Circuit held that the ALJ failed to make a proper disability determination based on the record and granted a sentence four remand. *Id.* at 744. The *Campbell* court also found that some additional evidence, while it did not warrant a sentence six remand, was subject to administrative review. *Id.* at n.2. Relying on *Melkonyan*, the *Campbell* court remanded the case back to the ALJ under sentence four, instructing plaintiff to submit the additional evidence, and the ALJ to consider it. *Id.* at 745. The *Campbell* court utilized sentence four to have the ALJ reconsider the existing evidence and to bring in new evidence.

While the present case is not identical to *Campbell*, it supports the same result. Because sentence four can bring in new evidence, the Magistrate Judge finds that a remand pursuant to only sentence four is appropriate. On remand, however, the ALJ should correct the errors discussed above, as well as consider Baker's additional evidence, before making a disability determination.

Accordingly, and for all these reasons, the Magistrate Judge recommends that the Court grant Plaintiff's brief in support of appeal. [Filing No. 11.] This case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration, consistent with this opinion. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 9/1/2016

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.